(No. 22983.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAYMOND JOHNSON, Plaintiff in Error.

*Opinion filed June 14, 1935.*

R. E. SMITH, for plaintiff in error.

OTTO KERNER, Attorney General, LOUIS P. ZERWECK, State's Attorney, and J. J. NEIGER, for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

An indictment in the circuit court of St. Clair county charged the defendant with robbery but without any allegation that he was armed at the time. On trial the jury returned a verdict finding him guilty of robbery in manner and form as charged in the indictment, with the added words, "while armed with a dangerous weapon." The defendant was sentenced for a term "not to exceed the maximum term and not to be less than the minimum term provided by law for the crime for which said defendant was convicted and sentenced." Upon this writ of error it is contended that the verdict is not responsive to the issues

and is therefore void, but no decision in point is called to our attention.

It has always been held that where the findings of the verdict are sufficient to determine the defendant's guilt of the crime charged in the indictment, any unnecessary part of it may be disregarded as surplusage. In *People* v. *Coleman,* 251 Ill. 497, the rule announced in the American and English Encyclopedia of Law (vol. 29, 2d ed. p. 1026,) was quoted with approval in the following language: "When a jury find not only the issues submitted to them but embrace in their verdict the determination of matters not involved in the controversy, these redundant matters are denominated surplusage. Under these circumstances the maxim *utile per inutile non vitiatur* is applicable, and such portion of the verdict as lies beyond the legitimate province of the jury may be disregarded or rejected." The same rule was followed in the later case of *People* v. *Tananevicz,* 285 Ill. 376, where additional authorities are cited. In *People* v. *Boer,* 262 Ill. 152, an indictment for robbery contained a clause alleging an aggravation of the offense, which clause as to aggravation was bad on its face but which was nevertheless followed by the verdict of the jury. It was held that the aggravation clause in the indictment and the findings of the jury thereon might both be disregarded as surplusage, and it was pointed out that if the plaintiff in error was guilty of the aggravated offense he was necessarily guilty of the lesser offense of ordinary robbery. The facts in the *Boer case* are similar to those in the case at bar and the law as stated in that case applies to this one. Here the defendant was found guilty of robbery, and the additional words in the verdict detract nothing from that finding of guilt.

It is necessary that the judgment of the circuit court be reversed and the cause remanded in order that a proper judgment and sentence may be entered. (*People* v. *Boer, supra.*) Upon motion of the State's attorney the circuit

court will enter a judgment finding the defendant guilty of robbery in manner and form as charged in the indictment, and will thereupon sentence him for a term of not less than one nor more than twenty years, as provided by the statute which is applicable to the case.

*Reversed and remanded, with directions.*