THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MIKE YOUNG, Defendant-Appellant.

(No. 72-172; )

Third District—June 18, 1973.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Gerald Serritella, Assistant State's Attorney, of Peoria, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

After a jury trial in the Circuit Court of Peoria County, the defendant, Mike Young, was convicted of aggravated battery. On Oct. 2, 1970 he was sentenced to a term of one to three years. A timely notice of appeal to the Supreme Court was filed, however, on March 29, 1972 the Supreme Court ordered the appeal dismissed for failure of appellant to file the record, abstract, or brief. Defendant had private counsel but did not pay him. On a showing of indigency this court appointed the Defender Project and on July 11, 1972 granted Appellant's motion to file Late Notice of Appeal over objection of the People.

Defendant has raised two issues, the first that he was not proven guilty beyond a reasonable doubt because he says the prosecution's own witness contradicted the fact that defendant was involved in the attack on the victim and the second that the indictment is fatally defective.

Early on New Year's morning of 1970, fighting broke out inside of the American Legion Hall in Peoria and the fighting spilled out into the street. Officer Ronald Howett responded to a call to the police and arrived at the scene. After he had been there 5 or 10 minutes he was attacked and beaten by a group of seven or eight people. He testified that he was grabbed, spun around, kicked, hit on the forehead with some object, cut on the face, and pushed to the ground. Howett stated that he had known the defendant for several years and recognized Young as one of the people who kicked him and pushed him to the ground.

Officer William Bradley, an off duty Peoria Park Policeman testified that he was in the area and drove over to the American Legion to see

what the trouble was. He jumped out of his car just after Howett jumped out of his. He saw the group of people pushing and shoving Officer Howett. He recognized three of the shovers among whom was the defendant whom he had known for 10 years or more. He saw him push Officer Howett to the ground and when Officer Howett went to get up he had his night stick out and Mike Young then said,"Mother sucker [*sic*] what are you going to do with that night stick?" Officer Howett got up and was pushed to the ground again. Officer Howett was in uniform and had his badge on. Bradley did not see defendant do anything else. Bradley ran to the American Legion for help. He met Sergeant Walker and Officer Irving there and told them what happened. He was away from the scene about two or three minutes. The three came back and. arrested Mike Young, Mike Lilly and another. On cross-exam Bradley further stated that Officer Rushman was at the corner with another group. When he observed the action testified to on direct he was close enough to touch Officer Howett. He did not see anyone strike or cut Howett but did see someone kick him. The kicker was not Mike Young. When he got back to the scene with Sgt. Walker, Officer Howett was on the hood of a car bleeding. On re-direct he testified that lighting conditions were good—street lights on all corners and a big light in front of the Legion. The incident occurred at the south corner across the street from the Legion.

Frank Rushman, a Peoria city police officer, was on duty and was sent to the scene because of the earlier melee. When he got to the scene about 150 people were milling in the area. There were several fights going on. He saw two police officers in a group about 30 feet from where he parked. He knew Mike Young and saw him in the area of two police officers who were Sgt. Funcannon and Terry Fonders. Rushman then walked to his car, got in, looked into the rear view mirror and saw a scuffle. On getting out of the car saw Officer Howett involved and ran to his assistance. When he was running toward the action, the entire group around Officer Howett all ran from the area. He did not see Mike Young—they all had their backs turned, running. He did not see the details of what happened to Officer Howett. He helped him when it was over. When he got to Officer Howett, Howett pointed out Mike Lilly and said Lilly was responsible. He did not mention Mike Young. (Officer Howett, who testified later, said Rushman had asked who·cut him. Howett then pointed out Lilly and said, "he is the one.")

Both defendant and his friend Sam Russell testified that they were together while the incident was taking place and did not arrive at the scene of the attack until it was over. Another defense witness and friend of defendant said she saw the attack from across the street and that Mike

Young was not among the attackers; that she had no way of knowing whether he was in the group as she did not see him.

Defendant argues that Officer Rushman's testimony presents the conflicting testimony of two police officers, that Rushman's testimony indicates that Young was not in the group, and leaves the prosecution's conflicting testimony standing alone against the denial of the defendant.

This argument is not supported by fact. The testimony of Officers Howett and Rushman is not in conflict. Rushman saw Mike Young in the area minutes before the attack. Howett said Mike Young had left when, Rushman came to help him. Rushman testified that all the attackers were running away, with their backs toward him. In fact, Rushman corroborates Howett on all points which he had an opportunity to observe. Defendant cites *People v. Jefferson*, 24 Ill.2d 398; *People v. Johnson*, 270 N.E.2d 130 and *People v. Neidhofer*, 126 Ill.App.2d 65.

In *Jefferson*, the victim was unable to identify the defendant, two other witnesses were only given a two man line-up, the State had disclaimed that a ring found near defendant in an apartment raised an inference that defendant put it there; opposed to alibi testimony and testimony of one who gave a detailed account of the robbery and said that defendant was in no way involved. The issue was one of identification. In the instant case the defendant was well known to the victim, the issue is one of credibility of witnesses, not identification.

In *Johnson*, the victim did. not cry rape even after three interviews with the police and not until the next day. On an aggravated battery count the victim testified that when a car came down the alley the defendant and another started to run with her, striking her while running. The automobile was a police car and the occupants, two police officers, each testified that they saw no beating. The court found that the police testimony corroborated the testimony of the defendant who also had two character witnesses. There is no way that the *Johnson* case can be applicable to the instant case.

In *Neidhofer*, one witness, who talked to the defendant while two or three feet from him, did not see any exposure. Her sister did and defendant denied it. The court simply held that the evidence was not sufficient to establish guilt beyond a reasonable doubt.

■■ The credibility of witnesses and the weight to be given to their testimony is generally better left to the trier of fact who sees and hears the witnesses and their decision should be disturbed by the reviewing court only in those exceptional cases where the credible evidence is not sufficient to remove all reasonable doubt of guilt or unless the evidence is so improbable or unsatisfactory as not to be worthy of belief. In the instant case the jury obviously considered the testimony of the People's

witnesses as true. Accepting that finding, it must be said that the evidence is sufficient to establish defendant's guilt beyond a reasonable doubt and is not of such an improbable or unsatisfactory nature as would warrant a reversal. See I.L.P. Criminal Law, sec. 911.

The indictment in the instant case charged the defendant in one count with "causing *great* bodily harm to Ronald Howett, known by the said Mike Young to be a peace officer engaged in the execution of his official duties * * *." The statutory citation on the indictment was to Sec. 12—4. By having the word "great" describe "bodily harm" the indictment combined the requisite elements of aggravated battery as specified in both sec. 12—4(a) and sec. 12—4(b)(6).

The case was tried from beginning to end and the only issue ever presented was "causing bodily harm to Howett by Young while Young knew Howett to be a police officer, engaged in the execution of his official duties". *I.e.*, sec. 12—4(b)(6). At no time did defendant ever mention any surprise or confusion, nor did he object or ask for clarification. He, on appeal, now contends that the People should be held to what they charged in the first place and that since they did not prove "great bodily harm", but only "bodily harm" there was error.

■ It is the rule of many courts that where a thing necessary to be mentioned in an indictment is described with unnecessary particularity, the unnecessary particulars of the description cannot be treated as surplusage and must be proved; and this rule has been extended to unnecessary words which describe the words which need to be inserted to describe the offense. (41 Am.Jur.2d Indictments and Informations, sec. 73.) However, Illinois is not among those courts. As early as *Durham v. People*, 5 Ill. 172, our Supreme Court laid down the rule that whenever an averment could be stricken out without vitiating the indictment, it might on the trial be treated as surplusage and rejected. See *People v. Boer*, 262 Ill. 152, 154; 21 I.L.P. Indictments and Informations, sec. 58; *People v. Rogers*, 303 Ill. 578; *People v. Johnson*, 360 Ill. 605; *People v. Taranto*, 2 Ill.2d 476; *People v. Radford*, 81 Ill.App.2d 417; *People v. Simpkins*, 48 Ill.2d 106.

■■ It follows that the failure to prove the allegation did not prejudice defendant and does not warrant reversal. *People v. Taranto*, 2 Ill.2d 476.

The People contend that this court has no jurisdiction in that the granting of Late Notice of Appeal was improvidently allowed. Because of our view of the case it is unnecessary to consider that contention.

The judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.