(No. 48148.—<span style="color:black"></span>

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ALTHEA JOHNSON, Appellee.

*Opinion filed December 3, 1976.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, and Laurence J. Bolon and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Edward M. Genson and Theodore M. Becker, of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Defendant, Althea Johnson, was charged by complaint with the offense of prostitution in violation of section 11—14(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—14(a)(2)). After a bench trial in the circuit court of Cook County, the defendant was found guilty and sentenced to 8 days in the Cook County House of Correction. The appellate court reversed the defendant's conviction on the ground that a fatal variance existed between the charge in the complaint and the proof adduced at trial. (34 Ill. App. 3d 38.) We granted the State leave to appeal.

The statute under which defendant was convicted provides:

> "(a) Any person who performs, offers or agrees to perform any of the following acts for money commits an act of prostitution:
> (1) Any act of sexual intercourse; or
> (2) Any act of deviate sexual conduct." Ill. Rev. Stat. 1975, ch. 38, par. 11—14(a).

In the complaint, a Chicago Police Department vice investigator, Andrew Murcia, charged that defendant "committed the offense of prostitution (deviate sexual

conduct) in that she *agreed* to perform an act of deviate sexual conduct, namely oral copulation with Andrew Murcia, for the sum of $50.00 U.S.C." (Emphasis added.)

At trial, Murcia was the sole witness for the State. He testified that at approximately 7 p.m. on August 11, 1973, he was leaving his private car at 1300 North Clark Street when the defendant first approached him and said she would give him a "french" for $50. Murcia testified that in his opinion the word "french" is street slang for oral copulation. He also testified that he declined her offer and did not arrest her at this meeting because he was alone and it is not considered good police policy for one officer to arrest a woman. Murcia then saw defendant enter a car being driven by a man and followed them in his own car to the vicinity of 3153 North Broadway. At this point he requested a squad car to stop the car in which defendant was riding. Defendant and her companion, William Kraus, were placed under arrest and taken to police headquarters.

The testimony of defendant and Kraus showed that Kraus was the owner of a company with which defendant was employed. On the night in question he picked her up at her apartment and the two of them proceeded to a restaurant in the 3100 block of North Broadway. Upon reaching the vicinity, they were stopped by two policemen, ordered to get out of their vehicle, and arrested by Murcia. Defendant denied ever having seen Murcia prior to this arrest, and denied the alleged encounter with him earlier in the evening. The trial court found defendant guilty and sentenced her to serve 8 days in the House of Correction.

Two issues are raised by this appeal. First, was there a variance between the charge in the complaint and the State's proof at trial? This question was first raised by defendant before the appellate court. The defendant argues that such a variance exists in that, although the complaint alleged that she *agreed* to perform an act of deviate sexual conduct for money, the testimony of

Murcia showed only that she *offered* to do such act. The State responds that the words agree and offer, as used in the statute, are virtually interchangeable. The second issue concerns the effect of the variance if it does exist. It is the position of defendant that the variance is fatal. The State, however, contends that when the question is first raised on review a variance is not fatal to a conviction unless the defendant is prejudiced either because he is misled in the preparation of his defense or because there is a possibility that he will be placed in double jeopardy.

We agree with defendant and with the appellate court that the existence of a variance in this case is undeniable. The offenses defined in section 11—14 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—14) are committed when one either (1) performs, (2) offers or (3) agrees to perform the specified acts. That these were meant to be three separate and distinct methods of violating the statute, and that the three verbs are not interchangeable, is made evident by the Committee Comments to the statute:

> "Three verbs are employed to describe the actor's relation to the sexual acts described in subsections (a)(1) and (a)(2). The use of the word 'performs' enlarges the statutory law since no section previously in the statutes proscribed the actual performance of the sexual act for money. The verb 'offers' generally incorporates the former prohibitions on 'soliciting' but connotes less urging and invitation on the part of the prostitute. The word 'agrees' was included to cover the situation where the female simply makes it a practice of accepting properly endowed propositions and permits her reputation or availability to do her soliciting for her." Ill. Ann. Stat., ch. 38, par. 11—14, Committee Comments, at 456 (Smith-Hurd 1972).

In light of this construction of the statute, the acts of defendant Johnson, as indicated by the testimony of Murcia, constituted an offer, but not an agreement as charged in the complaint. We must next consider whether this variance is fatal so as to justify reversal of the

conviction.

When a complaint is attacked for the first time on appeal, its sufficiency must be judged by whether or not it apprised the accused of the precise offense charged with sufficient specificity to allow him to prepare his defense and to plead a resulting conviction as a bar to future prosecution arising out of the same conduct. (*People v. Pujoue,* 61 Ill. 2d 335.) Much the same standard has been applied to cases where it is alleged for the first time on appeal that there was a variance between the pleading and the proof at trial. It has been held that a variance, to require reversal, must be material and of such character as to mislead the accused in making his defense or expose him to double jeopardy. *People v. Nelson,* 33 Ill. 2d 48, *cert. denied,* 383 U.S. 918, 15 L. Ed. 2d 671, 86 S. Ct. 911; *People v. Figgers,* 23 Ill. 2d 516; *People v. Bristow,* 8 Ill. App. 3d 805.

In *People v. Harris,* 46 Ill. 2d 395, this court rejected a claim of variance upon facts analogous to those at bar. Defendant in *Harris* was accused of armed robbery, defined by sections 18—1 and 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1967, ch. 38, pars. 18—1 and 18—2) as the taking of property from the person or presence of another while armed with a dangerous weapon by (1) the use of force *or* (2) threatening the imminent use of force. The indictment charged defendant with the use of force. The evidence at trial, however, proved only that he threatened the imminent use of force. This court dismissed the contention that a fatal variance existed between the indictment and the proof, characterizing defendant's argument as "frivolous and without merit." Defendant petitioned for a writ of *habeas corpus.* The United States District Court for the Northern District of Illinois, in an opinion which the United States Court of Appeals later adopted, denied the writ because "petitioner was advised by the indictment of the nature of the charges against him so as to enable him to prepare his defense; and

had he been acquitted, he could have pleaded the judgment in bar of any further prosecution for the same offense." *United States ex rel. Harris v. Illinois* (7th Cir. 1972), 457 F.2d 191, 197.

In the case of *People v. Simpkins,* 48 Ill. 2d 106, defendants were charged by complaints with disturbing the peace by firing a revolver. The State's case, however, did not establish that defendants fired any shots, but only that they disturbed the peace by participating in a gang fight. Defendants, relying upon *Figgers,* contended that there was a fatal variance between the complaints and the evidence because they were misled in making their defenses. They took the stand to rebut the charge that any of them had fired a weapon, only to be convicted of the same disturbing-the-peace charge because they participated in a gang fight. We rejected the defendants' contentions in *Simpkins* because they did not claim that due to the language of the complaint they had omitted to put before the court any facts bearing upon their guilt or innocence.

In the case at bar, even more clearly than in *Harris* or *Simpkins,* defendant Johnson has not shown that she was prejudiced in the making of her defense by the variance between the charge and the proof. Like the defendants in *Simpkins,* she has not claimed that the language of the complaint induced her to withhold evidence. Nor has she alleged, as the *Simpkins* defendants did, that her defense turned upon the language used in the complaint. Johnson's defense was not that instead of agreeing to perform the alleged acts she only offered to do so. Such an offer in itself would be a violation of the statute. Her defense was that she never approached or had a conversation with Murcia prior to her arrest. Had the complaint charged that she made an offer to Murcia, instead of that she agreed, her defense would have remained unchanged. Since the only issue she contested was whether the encounter with Murcia ever took place, the distinction between the words "offer" and "agree" could not have misled her in preparing

her defense.

Nor is defendant exposed to the possibility of double jeopardy. The complaint names the offense, the place, the date, and the person to whom defendant allegedly made the offer at issue. It is clearly sufficient to be pleaded in bar of another prosecution. (See *People v. Pujoue,* 61 Ill. 2d 335, 340.) Further, if any future prosecution were attempted, prior prosecution on the same facts may be proved by resort to the record. *People v. Jones,* 53 Ill. 2d 460; *People v. Collins,* 123 Ill. App. 2d 138.

We conclude that the variance between the complaint and the proof in this case neither misled defendant in preparing her defense nor subjected her to the danger of double jeopardy. For the reasons stated above, the judgment of the appellate court is reversed and the cause is remanded to the appellate court for consideration of the other issues raised in defendant's brief.

*Reversed and remanded, with directions.*