THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEO PALMERI, Defendant-Appellant.

Second District (1st Division)   Nos. 75-273, 274, 275, 276, 277 cons.

Opinion filed December 3, 1976.

James Canfield, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris and Phyllis J. Perko, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

In November of 1974, Leo Palmeri was charged in five separate criminal complaints with the offense of failing to furnish title to a motor vehicle in violation of section 3—113 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 3—113). All five cases were tried on the same day before the same judge without a jury and he entered judgments of guilty

on each charge. The court sentenced the defendant to pay a fine of $500 on each charge, and imposed jail sentences of varying lengths amounting to a total of seven months incarceration. The defendant appeals contending (1) the complaints did not charge an offense, (2) the purported offenses charged are not subject to the penalty imposed by the court, and (3) the State failed to prove the elements of the purported offenses beyond a reasonable doubt.

The complaints charged, in pertinent part, that on a given date in Winnebago County:

> "Leo Palmeri committed the offense of Failure to Furnish Title to a Motor Vehicle, in that he, a licensed used motor vehicle dealer, did then and there sell or transfer his title or interest in and to a certain motor vehicle (described) to (named complainant) without executing a certificate of assignment and warranty of title to such motor vehicle and mailing or delivering such certificate of assignment and warranty of title within fifteen (15) days of such sale or transfer to the Secretary of State, in violation of Paragraph 3—113, Chapter 95½, Illinois Revised Statutes."

When the various cases proceeded to trial, essentially the same evidence was presented by the State in each instance. The five complaining witnesses testified that the defendant, doing business as Apollo Auto Sales, sold each of them a used automobile during the summer of 1974. Each paid cash and was given a receipt indicating payment of the purchase price and a fee for the transfer of title. Despite repeated requests, none of them received title to their automobile until sometime in late November 1974, after having already sworn out a complaint against the defendant.

In addition to the testimony of the complaining witnesses, the State called David Dillevou, from the Secretary of State's office, who identified the five applications for certificate of title, each of which was received by his office on November 20 or November 21, 1974. Each was signed by "Apollo Auto Sales" and notarized by Leo Palmeri. Dillevou also testified that the dealer's license for Apollo Auto Sales had been issued in 1974 to Leo Palmeri, whose signature appeared on the application for the license.

■■ ■ The defendant first attacks each criminal complaint, arguing that it failed to charge an offense. The charges were brought under the Motor Vehicle Code which provides in pertinent part:

> "*Transfer to or from dealer—Records.*
>
> (a) If a dealer buys a vehicle and holds it for resale and procures the certificate of title from the owner or the lienholder within ten (10) days after delivery to him of the vehicle, he need not send the

certificate to the Secretary of State but, upon transferring the vehicle to another person other than by the creation of a security interest, shall promptly and within fifteen (15) days execute the assignment and warranty of title by a dealer, showing the names and addresses of the transferee and of any lienholder holding a security interest created or reserved at the time of the resale and the date of his security agreement, in the spaces provided therefor on the certificate or as the Secretary of State prescribes, and mail or deliver the certificate to the Secretary of State with the transferee's application for a new certificate." Ill. Rev. Stat. 1973, ch. 95½, par. 3—113(a).

The defendant maintains the complaint is fatally defective because it fails to allege that the defendant acquired title to the automobiles in question within the 10 days after they were delivered to him. Recognizing that criminal statutes are to be strictly construed in favor of the accused, we still must ascertain the legislative intent (*People v. Kirkrand*, 397 Ill. 588, 590 (1947)) and in cases where the language is unambiguous, we are bound by the language of the statute. The section of the statute with which we are concerned here dictates the procedure to be followed by a dealer upon transfer of a used car to "another person other than by the creation of a security interest." That circumstance was properly outlined in the complaint quoted above, and the 10-day provision mentioned by the defendant merely provides that under certain circumstances, a dealer need not forward certificates of title to the Secretary of State each time he comes into possession of an automobile for future resale. The 10-day provision has nothing to do with the subsequent sale of the automobiles by the dealer. Thus, each complaint was not lacking in any essential element, and in fact, clearly apprised the defendant of the charge against him and enabled him to fully prepare his defense. *People v. Laczny*, 63 Ill. App. 2d 324, 330-31 (1965).

The defendant's second contention is that the purported offense charged is not subject to the penalty imposed by the court. The court based its sentences upon the following provision in the Motor Vehicle Code:

"*Violations of this Chapter.*] (a) It is a Class C misdemeanor for any person to violate any of the provisions of this Chapter, except as provided in paragraphs (b) and (c) of this Section, unless such violation is by this Act or other law of this State declared to be a felony.

(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this Chapter for which another penalty is not provided shall for a first and second conviction be guilty of a

Class C misdemeanor; upon a third or subsequent conviction within one year after the first conviction such person shall be guilty of a Class B misdemeanor. Compliance with the registration provisions of this Act after apprehension or arrest shall not excuse imposition of the penalties herein provided nor be cause for dismissal of the arrest or of the summons nor be a basis for setting aside a conviction therefor." Ill. Rev. Stat. 1973, ch. 95½, par. 3—834(a), (b).

■■ Pursuant to this provision, the court treated the first two convictions as Class C misdemeanors, and the next three convictions as Class B misdemeanors. Despite defendant's argument to the contrary, this provision also is unambiguous in its meaning, and the trial court properly exercised its discretion in passing sentence. (*Cf. People v. Palmeri*, 1 Ill. App. 3d 1033 (1971).) We find the sentences imposed by the trial court to be a proper application of the statute.

Finally, the defendant maintains that the State failed to prove his guilt beyond a reasonable doubt. There are three basic elements constituting the offense in question: (1) the defendant was a dealer of automobiles, (2) he transferred a vehicle to another person other than by creation of a security interest, and (3) he failed within 15 days to execute the assignment and warranty of title, and mail or deliver it with the transferee's application for a new certificate, to the Secretary of State.

All three of these elements were clearly established in the instant case, and the proof was sufficient to find the defendant guilty beyond reasonable doubt.

We therefore affirm the judgments.

Affirmed.

GUILD, P. J., concurs.