THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
AL ADAMS, Defendant-Appellant.

First District (1st Division)   No. 62389

Opinion filed January 17, 1977.

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban and Donald
S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Eugene J. Rudnik, Jr., and Robert Handelsman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BUA delivered the opinion of the court:

The defendant was convicted at a bench trial of armed robbery (Ill. Rev. Stat. 1973, ch. 38, par. 18—2.). On appeal he raises for the first time the contention that since the indictment speaks in terms of a taking of United States currency from the "person and presence" of the victim, while the evidence showed only such a taking from the "presence" of the victim, the conviction cannot stand.

The relevant facts are as follows. Estelle Echols, a State witness, testified that on February 13, 1974, she was washing windows on the second floor of an apartment building on South State Street in Chicago. The first floor of that building contained a record and novelty shop. She observed two men, whom she later identified as the defendant and a Mr. Christmas, talking in an alley adjacent to the building. One of the men held a gun in his hand. After a short time, Christmas left the defendant and entered State Street. The witness then heard "screaming" and phoned the police.

Eathel Mitchell, the complaining witness, testified that on February 13, 1974, she was working with her mother, Nancy Abney, at her daughter's record and novelty store at 5444 South State Street in Chicago. At about 1:30 p.m. on that a day a man she later identified as a Mr. Christmas entered the store, announced a "holdup," and ordered the two women to lie down on the floor. The defendant then entered the store. He was also armed. Christmas proceeded to take about $7.50 from the cash register and about $550 from the back room of the store. The defendant broke into some glass display cases, and the two men removed various articles of merchandise and placed them in shopping bags.

When police responding to a report of a robbery in progress arrived on the scene, the defendant and his accomplice escaped through the rear of the store.

The defendant and Christmas were arrested on February 21, 1974. At a lineup both Estelle Echols and Eathel Mitchell identified the two men. Nancy Abney was able to identify only Christmas.

Police investigators found a bag of merchandise left in the store by the offenders. It was stipulated that fingerprints found on a certain item in that bag were those of the defendant.

At a joint bench trial the court acquitted Christmas of all charges but found the defendant guilty of armed robbery. On February 21, 1975, he was sentenced to a term of imprisonment of from 5 to 9 years.

■■ The defendant contends that since the indictment speaks in terms

of a taking of a certain amount of United States currency from the "person and presence" of Eathel Mitchell and the State offered no proof of such a taking from the "person" of Eathel Mitchell, he was not proven guilty as charged of armed robbery beyond a reasonable doubt. We reject this argument. While it is true that a failure to prove a material allegation of the indictment is fatal to a judgment of conviction (*People v. Tassone* (1968), 41 Ill. 2d 7, 241 N.E.2d 419 *cert. denied*, 394 U.S. 965, 22 L. Ed. 2d 567, 89 S. Ct. 1318; *People v. Walker* (1955), 7 Ill. 2d 158, 130 N.E.2d 182), an allegation is so deemed "material" only if it is one which is essential to the crime or offense and without which the pleading would be insufficient. (*People v. Taranto* (1954), 2 Ill. 2d 476, 119 N.E.2d 221; *People v. Figgers* (1962), 23 Ill. 2d 516, 179 N.E.2d 626.) One is guilty of armed robbery when he, while armed with a dangerous weapon "takes property from the person *or* presence of another by force or by threatening the imminent use of force." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 38, pars. 18—1 and 18—2.) From this it is clear that if the reference to a taking from the person was stricken from the present indictment the offense of armed robbery would still be properly charged. While it might be argued that the allegation of a taking from the "person and presence" must be viewed as an indivisible unit constituting a material allegation of the indictment, we are not so persuaded. We see no significant difference between the present situation and others in which an indictment, after properly charging all of the necessary elements of the offense, went on to include unnecessary specifics as to those elements or to allege further unnecessary matters which were never substantiated. (See *People v. Simpkins* (1971), 48 Ill. 2d 106, 268 N.E.2d 386; *People v. Steenbergen* (1964), 31 Ill. 2d 615, 203 N.E.2d 404; *People v. Young* (1973), 12 Ill. App. 3d 310, 297 N.E.2d 578; *People v. Brown* (1966), 76 Ill. App. 2d 362, 222 N.E.2d 227.) The words "person and" are not material to the present indictment, but are mere surplusage, and as such may be ignored.

Further, it cannot be argued that there exists a "variance" between the indictment and proof such as to warrant a reversal of the conviction.

First, in light of the background of the terms "person" and "presence" as used in the armed robbery statute (Ill. Rev. Stat. 1973, ch. 38, pars. 18—1 and 18—2) it is doubtful that in the present case a true "variance" even exists. Prior to 1961 the statutory definition of armed robbery was cast in terms of a taking from the "person" only. With the passage of the Criminal Code of 1961, that definition was revised to its present form. Among other changes made, the word "person" was supplemented by the phrase "or presence." (Ill. Rev. Stat. 1961, ch. 38, pars. 18—1 and 18—2.) The accompanying committee comment, especially when read in light of the prior case law, demonstrates that the phrase "or presence" was added

to the definition merely to make the statute more explicitly reflect the breadth with which the courts had previously construed the term "person", rather than to denote a separate and distinctly conceived branch of or mode of committing the offense.

■■ In light of the above, the defendant's argument is without merit. There cannot be said to be a "variance" in the instant case. See *People v. Johnson* (1976), 65 Ill. 2d 332, 357 N.E.2d 1166.

■■ Secondly, even if a true variance is found to exist, it is not one fatal to the conviction. It has been held that a variance, when raised for the first time on appeal, will warrant reversal of a conviction only if it is material and of such a character as to mislead the accused in making his defense, or expose him to double jeopardy. (*People v. Nelson* (1965), 33 Ill. 2d 48, 210 N.E.2d 212, *cert. denied*, 383 U.S. 918, 15 L. Ed. 2d 671, 86 S. Ct. 911; *People v. Bristow* (1972), 8 Ill. App. 3d 805, 291 N.E.2d 189; *People v. Johnson* (1976), 65 Ill. 2d 332, 357 N.E.2d 1166. *Johnson* illustrates quite well the application of this principle. In that case, the defendant was charged with prostitution in that she "agreed" to perform an act of deviate sexual conduct, while the court found the evidence to show only that she "offered" to perform such an act. While either the offer or agreement alone would have constituted the crime of prostitution (Ill. Rev. Stat. 1975, ch. 38, par. 11—14(a)(1)(2)), the defendant argued that a fatal variance existed. After finding a true variance as to this essential element of the offense, the court turned to the question of whether that variance was sufficiently prejudicial to the defendant to warrant a reversal of the conviction, and concluded:

"In the case at bar, even more clearly than in *Harris* or *Simpkins*, defendant Johnson has not shown that she was prejudiced in the making of her defense by the variance between the charge and the proof. Like the defendants in *Simpkins*, she has not claimed that the language of the complaint induced her to withhold evidence. Nor had she alleged, as the *Simpkins* defendants did, that her defense turned upon the language used in the complaint. Johnson's defense was not that instead of agreeing to perform the alleged acts she only offered to do so. Such an offer in itself would be a violation of the statute. Her defense was that she never approached or had a conversation with Murcia prior to her arrest. Had the complaint charged that she made an offer to Murcia, instead of that she agreed, her defense would have remained unchanged. Since the only issue she contested was whether the encounter with Murcia ever took place, the distinction between the words 'offer' and 'agree' could not have misled her in preparing her defense.

Nor is defendant exposed to the possibility of double jeopardy. The complaint names the offense, the place, the date, and the

person to whom defendant allegedly made the offer at issue. It is clearly sufficient to be pleaded in bar of another prosecution. (See *People v. Pujoue*, 61 Ill. 2d 335, 340.) Further, if any future prosecution were attempted, prior prosecution on the same facts may be proved by resort to the record. *People v. Jones*, 53 Ill. 2d 460; *People v. Collins*, 123 Ill. App. 2d 138." 65 Ill. 2d 332, 338-39.

We find this analysis to be fully applicable to the present case. There is no indication in the record that the discrepancy between the indictment and proof induced the defense to withhold any evidence. Nor would it appear that the defense presented was shaped by the precise language of the indictment. Adams' defense was that while he had visited the record and novelty shop on the day in question, he had committed no act of robbery there and that at 1:30 p.m. on that day, the time of the robbery, he was at home watching television. This defense would have been the same regardless of whether he was charged with a taking from the "person" or from the "presence" of Eathel Mitchell. Finally, there is no danger here of double jeopardy. The indictment correctly states the offense, the statutory section number, the date, the name of the victim, and what was taken.

For the above stated reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

McGLOON and O'CONNOR, JJ., concur.