THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE DONNENFELD, Defendant-Appellant.

First District (4th Division)   No. 77-574

Opinion filed July 27, 1978.

Elmer R. Segal, of Chicago (Robert P. Sheridan, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, James S. Veldman, and Joseph P. Quirk, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Following a bench trial, the defendant, George Donnenfeld, was convicted of the unlawful use of a weapon (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(3)), and sentenced to six months conditional discharge. Defendant appeals contending that the State failed to prove him guilty beyond a reasonable doubt, and that the trial court erred in denying his motion to suppress the evidence.

■■ ■ In response to the latter issue, the State maintains that the defendant's failure to raise the matter in his written motion for new trial, which was denied by the trial court, precludes its being raised on appeal. Although it is a general rule that failure to specify alleged errors in a motion for new trial constitutes a waiver of those issues (*People v. Witherspoon* (1975), 33 Ill. App. 3d 12, 337 N.E.2d 454), it has been relaxed where an issue not specified in the motion had in fact been brought to the attention of and ruled upon by the trial court and where it appears there is a question that the accused would be prejudiced if his claim is well founded. (*People v. Nunez* (1974), 24 Ill. App. 3d 163, 320 N.E.2d 462.) Here, the evidence introduced at the hearing on the motion to suppress was stipulated to be the evidence for trial. This court will therefore consider the issue.

On October 14, 1976, around noon, the defendant entered the premises of Service Chevrolet, 2828 North Harlem, Elmwood Park, to pick up his mother's van. He talked with Mr. Braish, a sales manager, who told him he would have somebody bring the truck out in just a few minutes. Defendant testified that he waited quietly in the showroom for approximately 10 minutes, when he saw two uniformed officers arrive and talk with the proprietor, Mr. Soloway. The officers then approached and asked him about his mother's van and another vehicle that he "might have had that belongs to Service Chevrolet." When the defendant told them he wanted to see or call his attorney, he was placed under arrest and searched. A tear gas gun was found on his person.

The arresting officer testified that he received a radio call report of a man causing a disturbance at Service Chevrolet. Upon arrival he talked with several superior officers, and Mr. Soloway, who told him that the defendant had caused a disturbance. He was told by his chief of police to arrest the defendant, and did so. He noticed that defendant had his hands in his jacket pockets and searched him, finding a jet streamer gas projector gun. The officer admitted that the defendant was arrested for disorderly conduct, and that he did not know of any act done by the defendant to create a disturbance. He signed a complaint against the defendant charging him with disorderly conduct and unlawful use of a weapon. Defendant's motion to suppress the tear gas gun was denied.

■■ Defendant contends that he was not proved guilty beyond a

reasonable doubt because the State failed to prove that the tear gas projector gun contained a noxious substance as charged in the complaint. A variance between a criminal complaint and proof at trial will warrant reversal of conviction only if it is material and of such a character as to mislead the accused in making his defense, or expose him to double jeopardy. (*People v. Adams* (1977), 45 Ill. App. 3d 334, 359 N.E.2d 840; *People v. Johnson* (1976), 65 Ill. 2d 332, 357 N.E.2d 1166.) To establish the violation of a statute prohibiting the carrying of a firearm, it is sufficient to show that the weapon possessed the outward appearance and characteristics of a pistol, revolver or other firearm. (*People v. Halley* (1971), 131 Ill. App. 2d 1070, 268 N.E.2d 449.) Here, there is no question that the article taken from the defendant was a tear gas gun projector. The lack of evidence that it contained a noxious substance in no way misled the defendant in preparing his defense, nor will it operate to expose him to double jeopardy. We therefore reject the defendant's argument.

■■ Defendant also contends that the State failed to establish probable cause for his arrest and therefore the trial court erred by denying his motion to suppress the evidence taken in the search. Probable cause to arrest does not require evidence sufficient to convict. (*People v. Doss* (1970), 44 Ill. 2d 541, 256 N.E.2d 753.) Probable cause for arrest exists when the facts and circumstances within the arresting officer's knowledge, and of which he had reasonable and trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in believing that an offense has been committed, and that the person arrested is guilty. *People v. Peak* (1963), 29 Ill. 2d 343, 194 N.E.2d 322; *People v. McElroy* (1976), 44 Ill. App. 3d 1047, 358 N.E.2d 1180; *People v. Wright* (1969), 42 Ill. 2d 457, 248 N.E.2d 78.

■■ In the instant case, the officer admitted that although he did not know of any act done by the defendant to create a disturbance, he had received a radio report of a man causing a disturbance at Service Chevrolet and was told by the proprietor thereof that the defendant had caused it. His superior officers had already talked with the proprietor and he was told by his police chief to arrest the defendant. When officers are working together under such circumstances, the knowledge of each is the knowledge of all and the arresting officer has the right to rely on the knowledge of the officer giving the command, together with his own personal knowledge. (*People v. Peak* (1963), 29 Ill. 2d 343, 349.) In the present case defendant did not seek to ascertain what information the commanding officer was aware of which resulted in his order to arrest defendant. The defendant bears the burden to show that the search was improper (*People v. Berg* (1977), 67 Ill. 2d 65, 364 N.E.2d 880). Here, defendant failed to carry his burden. The facts here legally justify

probable cause for defendant's arrest and the search incident thereto. The trial court properly denied defendant's motion to suppress.

For the reasons herein stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DIERINGER and ROMITI, JJ., concur.