THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID L. JOSEPH *et al.*, Defendants-Appellants.

First District (1st Division)    No. 80-3

Opinion filed March 30, 1981.

Milton K. Joseph, of Rosemont, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Adrienne Noble Nacev, and Adam N. Stillo, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

David L. Joseph and Dixmoor Motors, Inc. (defendants) were charged with violation of section 3—113(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 3—113(a)) requiring a dealer to transfer title upon the sale of a vehicle. After a bench trial defendants were found guilty and each was fined $500. Defendants appeal.

On May 2, 1977, David Joseph, president of Dixmoor Motors, Inc., called the general manager of Liberty Buick Company, Inc., and ordered an automobile for resale by Dixmoor to one of its customers. On July 6,

1977, Joseph told the general manager of Liberty Buick on the telephone he would mail him a check for $5447.64, the purchase price of the car. Dixmoor received delivery of the automobile the following day.

On July 9, 1977, the car was sold by Dixmoor to Ilene Zeiger. She testified Joseph handled the transaction. She did not receive a certificate of title even though she tried to obtain one from Joseph on several occasions. Joseph sent her two "license applied for" stickers. In addition, since she could not obtain license plates without the title to the car, defendant Joseph sent her a set of dealer's license plates for her use. She used these plates on a temporary basis.

On October 17, 1977, Liberty Buick received Dixmoor's check for the price of the car. The drawee bank returned the check unpaid and marked "refer to maker." Liberty Buick then refused to tender the manufacturer's statement of origin to defendants. The statement of origin, dated June 29, 1977, reflected a "first assignment" by Liberty Buick to Dixmoor on September 7, 1977. Payment for the car was never made to Liberty Buick. Over a year after she bought the car, Ilene Zeiger posted a bond for $150 and received a certificate of title from the Secretary of State. Dixmoor was discharged in bankruptcy on June 19, 1978.

Defendants contend the State failed to prove defendant Joseph violated section 3—113(a) because Joseph, as an officer of a corporation, cannot be a dealer. Defendants urge the Code requires all dealers to be licensed (Ill. Rev. Stat. 1977, ch. 95½, par. 5—101(a)), but if the applicant is a corporation, its directors and officers must also be listed (Ill. Rev. Stat. 1977, ch. 95½, par. 5—101(b)(2)). Defendants concede the statute is unambiguous and needs no interpretation, and they argue its penal nature requires the court to construe it strictly.

Section 3—113(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 3—113(a)) provides:

> "If a dealer buys a vehicle and holds it for resale and procures the certificate of title from the owner or the lienholder within ten (10) days after delivery to him of the vehicle, he need not send the certificate to the Secretary of State but, upon transferring the vehicle to another person * * *, shall promptly and within fifteen (15) days execute the assignment and warranty of title by a dealer, showing the names and addresses of the transferee and of any lienholder holding a security interest * * *, and mail or deliver the certificate to the Secretary of State with the transferee's application for a new certificate."

See *People v. Palmeri* (1976), 44 Ill. App. 3d 69, 72, 358 N.E.2d 86, *appeal denied* (1977), 65 Ill. 2d 579, *cert. denied* (1977), 431 U.S. 938, 53 L. Ed. 2d 255, 97 S. Ct. 2650.

"Dealer" is defined by the Code as (Ill. Rev. Stat. 1977, ch. 95½, par. 1—115):

> "Every person engaged in the business of buying, selling or exchanging vehicles and who has an established place of business for such purpose in this state."

This court stated the applicable law in construing these statutes in *Palmeri* (44 Ill. App. 3d 69, 71):

> "Recognizing that criminal statutes are to be strictly construed in favor of the accused, we still must ascertain the legislative intent [citation] and in cases where the language is unambiguous, we are bound by the language of the statute."

See *People v. Bratcher* (1976), 63 Ill. 2d 534, 543, 349 N.E.2d 31.

■■ We agree with defendants the statute defining "dealer" is unambiguous. But we conclude nothing in the Code prohibits the officers of a dealer-corporation from being dealers themselves. Section 1—115 defining "dealer" includes "[e]very person engaged in the business." This language clearly encompasses natural persons as well as corporations. (See *Standard Industries, Inc. v. Thompson* (1958), 19 Ill. App. 2d 319, 322, 152 N.E.2d 500.) The fact that section 5—101(b)2 provides an applicant that is a corporation must provide a list of its directors and officers does not alter this conclusion. Our conclusion is also supported by use of the personal pronoun "he" in referring to "a dealer" in section 3—113(a) as above quoted.

■■ David Joseph was a dealer within the meaning of the Code. Joseph was the president of Dixmoor. He had the authority to order and buy cars from other dealers and did so in this case when he called the general manager of Liberty Buick on July 6, 1977. At least one customer bought a car specifically from him. Joseph apparently corresponded with Ilene Zeiger as president of Dixmoor. Joseph clearly engaged in the business of "buying" and "selling" vehicles (par. 1—115). And, working at Dixmoor, he operated from "an established place of business for such purpose * * *." Par. 1—115.

These ingenious arguments by defendants overlook the fact that defendant Joseph is charged with violating section 3—113(a) of the Illinois Vehicle Code, above quoted, in that upon transferring the title to Zeiger it was the duty of the seller of the vehicle to execute the assignment and warranty of title within 15 days. Even if defendant Joseph was not a dealer, he was president and chief executive officer of Dixmoor. The corporation itself could not lift up a pen and execute the assignment. In this regard, the duty of assignment clearly devolved upon defendant Joseph to act in behalf of the corporation. Since he failed to do so, we have no alternative but to conclude that he individually was liable under the cited statute.

Defendants also contend it was impossible for Dixmoor to comply with section 3—113(a) because Liberty Buick would not tender the manufacturer's statement of origin to defendants. However, the statement of origin was not tendered to Dixmoor only because Dixmoor had not paid for the car. Liberty Buick was protecting its legitimate interests when it withheld the statement of origin from defendants pending payment for the car.

■■ Finally, defendants contend Joseph was charged in the complaint in his individual capacity and not in his official capacity as president of Dixmoor. The record does not reflect this issue was raised in a pretrial motion or at any other time in the trial court. "When a complaint is attacked for the first time on appeal, its sufficiency must be judged by whether or not it apprised the accused of the precise offense charged with sufficient specificity to allow him to prepare his defense and to plead a resulting conviction as a bar to future prosecution arising out of the same conduct." (*People v. Johnson* (1976), 65 Ill. 2d 332, 337, 357 N.E.2d 1166; *People v. Rege* (1976), 64 Ill. 2d 473, 478, 356 N.E.2d 537.) To warrant a reversal, any variance "must be material and of such character as to mislead the accused in making his defense or expose him to double jeopardy." (*Johnson*, 65 Ill. 2d 332, 337; *People v. Taylor* (1980), 84 Ill. App. 3d 467, 469, 405 N.E.2d 517.) The record demonstrates none of these problems is present here.

Also defendants failed to raise this issue in their initial brief for appellants. Thus, the point, if it had merit, was waived. See *Village of Crainville v. Argonaut Insurance Co.* (1980), 81 Ill. 2d 399, 405, 410 N.E.2d 5, citing 73 Ill. 2d Rules 341(e)(7), 341(f).

For these reasons the conviction is affirmed.

Affirmed.

McGLOON and CAMPBELL, JJ., concur.