(No. 56200.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHN BOHM, Appellee.

*Opinion filed February 18, 1983.*

Tyrone C. Fahner, Attorney General, of Springfield, and Gary L. Spencer, State's Attorney, of Rock Falls (Marcia L. Friedl and Kenneth A. Fedinets, Assistant Attorneys General, of Chicago, and John X. Breslin and Kenneth A. Wilhelm, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Stephen H. Omoleki, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE WARD delivered the opinion of the court:

On February 11, 1981, John Bohm was charged by complaint in the circuit court of Whiteside County with theft (Ill. Rev. Stat. 1979, ch. 38, par. 16—1) and with driving after his license had been revoked (Ill. Rev. Stat. 1979, ch. 95½, par. 6—303). The theft complaint charged that he, on or about February 11, 1981, "knowingly: obtained or exerted unauthorized control over property, to wit: $20.00 of regular gasoline, 15.9 gallons, belonging to Town & Country Food Store, Inc., a corporation, and in so doing intended to deprive the owner of the use or benefit of the property, said property being then and there of a value of less than $150.00: in violation of Section 16—1, Chapter 38, Illinois Revised Statutes." Counsel was appointed for the defendant and he entered pleas of not guilty and waived his right to a jury trial. After a bench trial, the defendant was found guilty of both offenses and was sentenced to two concurrent terms of 363 days to be served in the Department of Corrections. The appellate court, in a Rule 23 order (73 Ill. 2d R. 23), reversed the conviction for theft, vacated the trial court's sentencing

order, and remanded the cause for resentencing on the driving on a revoked license conviction. (102 Ill. App. 3d 1206.) We granted the People's petition for leave to appeal. 73 Ill. 2d R. 315.

The trial proceedings were not transcribed, but two months after trial, the parties, under Supreme Court Rule 323(d) (84 Ill. 2d R. 323(d)), submitted an agreed statement of facts which summarized the evidence presented. The statement of facts reads:

"There was a stipulation by the defendant that he drove a motor vehicle on the streets of Rock Falls, Whiteside County, Illinois, on February 11, 1981 and that on that date his privilege to drive in the State of Illinois had been revoked by the Secretary of State.

The first witness, Patricia Richerson, testified substantially as follows:

She was an employee at a self-service Shell service station in Rock Falls, Illinois on February 11, 1981. At about 1:00 a.m. on February 11, 1981 a person identified as John N. Bohm entered the station area and proceeded to put gasoline in his car. The monitor in the office of the service station showed that the defendant had put gasoline in his automobile of a value of $20.00. The defendant approached the office in his automobile and offered to pay $2.00. Ms. Richerson refused the money and the defendant drove away without paying anything.

On cross examination Ms. Richerson stated that the pump used by the defendant had a fixed final number of zero. As the defendant pumped gasoline only three numbers would have moved; the final zero remaining constant.

Lt. Mangan of the Rock Falls Police Department stated that he stopped Mr. Bohm near the service station and arrested him for theft. After further checking he discovered Mr. Bohm's driving privilege was revoked and arrested him for that as well.

In his own defense, Mr. Bohm testified he drove into the service station with less than $10.00 in his possession. He stated that he only wanted $2.00 worth of gasoline and that he was unaware of the fixed final number on the pump. After he had put what he thought was $2.00 worth

of gasoline into the car, he drove to the office and offered the attendant $2.00. The attendant refused the $2.00 and Mr. Bohm drove out of the station. He was stopped by Lt. Mangan a short distance away."

The theft complaint alleged that the defendant had stolen gasoline belonging to Town & Country Food Store, Inc., in Whiteside County, Illinois. At trial the evidence was that the defendant had taken the gasoline from "a self-service Shell service station in Rock Falls, Illinois." On the ground that no relationship was shown to exist between the corporation and the service station, the appellate court reversed the theft conviction. The court considered that the variance between the charge and the evidence created a vagueness as to the identification of the owner of the gasoline that would not insure that the theft conviction would act as a bar in any subsequent prosecution for the same offense.

The People contend that in order to prove the commission of theft it need only be shown "that someone other than the accused possessed or held an interest in the property and that the accused was unauthorized in exerting control over that property." Since the evidence shows that the defendant, without authorization, took gasoline belonging to a self-service Shell service station, the People say that the elements of theft were proved.

The theft statute in part provides:

"A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner;

\* \* \*

and

(1) Intends to deprive the owner permanently of the use or benefit of the property \*\*\*." (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(a)(1).)

"Owner" is defined as "a person, other than the offender, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the offender has no author-

ity to exert control over the property." Ill. Rev. Stat. 1979, ch. 38, par. 15—2.

There is no doubt that the People proved that the defendant took gasoline which belonged to another "person." (See Ill. Rev. Stat. 1979, ch. 38, par. 2—15.) Since the defendant offered the station attendant $2 in claimed payment for the gasoline, it is obvious that he knew that he had no interest in the gasoline.

Although it is clear that the defendant obtained unauthorized control over the property of another, we must consider the question of the variance between the complaint's allegations and the evidence presented by the People.

In discussing the standard to be applied when it is alleged for the first time on appeal and there was a variance between the allegations and the proof, this court in *People v. Johnson* (1976), 65 Ill. 2d 332, 337, stated: "It has been held that a variance, to require reversal, must be material and of such character as to mislead the accused in making his defense or expose him to double jeopardy. *People v. Nelson*, 33 Ill. 2d 48, *cert. denied*, 383 U.S. 918, 15 L. Ed. 2d 671, 86 S. Ct. 911; *People v. Figgers*, 23 Ill. 2d 516; *People v. Bristow*, 8 Ill. App. 3d 805."

There is no suggestion that the defendant here was misled by the variance.

Too, we judge that the appellate court erred in holding that because of the variance the defendant was left exposed to possible future jeopardy through a prosecution for the same offense. This court in *People v. Gilmore* (1976), 63 Ill. 2d 23, 30, observed: " '[T]he time when an indictment defined the limits of jeopardy has passed and a prior prosecution on the same facts may be proved by resort to the record.' " We judge that even the summary type of record here provides adequate protection against any future prosecution for the same crime. That record shows that the defendant was convicted of the theft of gasoline of the value of $20, which gasoline was taken from a self-service Shell

service station at about 1 a.m. on February 11, 1981, at Rock Falls, Whiteside County, Illinois. The record shows that Patricia Richerson was an employee at the service station and that she testified that the monitor in the office of the station showed that the defendant pumped $20 worth of gasoline into his auto and then had come to the office and offered to pay $2 for the gasoline. The record would show further that she refused the money and that the defendant, without paying, drove off. That record would disclose that the defendant testified that at the time and place he had less than $10 and that he believed he had pumped only $2 worth of gasoline into the tank of his auto. The agreed-upon evidence was that the defendant was stopped by Lt. Mangan of the Rock Falls police department and placed under arrest for theft and for driving on a revoked license after he had driven a short distance from the service station.

We consider that the record here clearly would bar a subsequent prosecution for the same offense.

The defendant also contends that the failure of the complaint to allege that the defendant took the gasoline with the intent to *permanently* deprive the owner of its use or benefit was both material and insufficiently specific to allow him to prepare his defense. The contention is not convincing.

In *People v. Johnson* (1976), 65 Ill. 2d 332, 337, which we cited above, this court declared: "When a complaint is attacked for the first time on appeal, its sufficiency must be judged by whether or not it apprised the accused of the precise offense charged with sufficient specificity to allow him to prepare his defense and to plead a resulting conviction as a bar to future prosecution arising out of the same conduct. (*People v. Pujoue*, 61 Ill. 2d 335.)" There is no showing or claim that the defendant was not informed as to the precise offense with which he was charged. The defense presented did not relate to whether the defendant had the intention of permanently depriving the owner of the benefit of the gasoline. The defense was that the defendant was unaware "of

the fixed final number" on the gasoline pump and that he mistakenly believed that he pumped only $2 worth of gasoline.

As we have seen above, the record here shows that the defendant would be able to plead his conviction as a bar to any future prosecution arising out of the same conduct.

The appellate court remanded the cause for the defendant's resentencing on the revoked-license conviction. The parties agree that the matter of resentencing is now moot since, during the pendency of the appeal to this court, the defendant served in full the concurrent sentence which was imposed for driving on a revoked license. See *People v. Murrell* (1975), 60 Ill. 2d 287.

For the reasons given, the judgment of the appellate court is reversed and the judgment of the circuit court of Whiteside County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*