People of the State of Illinois, Defendant in Error, v. Martin Vavrys, Plaintiff in Error.

Gen. No. 49,244.

First District, Fourth Division.

April 8, 1964.

Anthony Champagne and John W. Schelthoff, of Chicago (C. D. Snewind, of counsel), for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County (Elmer C. Kissane and James R. Thompson, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE DRUCKER delivered the opinion of the court:

After a bench trial, defendant was convicted of the offense of "obscenity" and fined $500. He filed a writ of error urging (1) that defendant was not proven guilty beyond a reasonable doubt; (2) that the court erred in refusing to consider proper evidence; (3) that defendant did not knowingly present the performance; and (4) that the indictment failed to charge an offense.

It appears from the evidence that defendant is the owner of a restaurant (seating 65 people) and a nightclub (seating 165) which has a U shaped bar in the center of which there is a runway leading to a stage. Two police officers testified that for two hours they acted as patrons and observed the entertainment,

some of which consisted of three fully clothed girls dancing down the runway swinging hips, moving their bodies frontwards and backwards and disrobing gradually until completely bare. One of them culminated her exhibition on the stage from a prone position on a couch. Two other dancers finished their performances without removing "panties and bra."

Defendant presented two friends who testified that his reputation as a law-abiding citizen was "good" and "very good." A third friend and patron, two bartenders and the defendant all testified that none of the girls appeared completely naked. One of the bartenders described the ultimate attire as "negligee and panties and brassiere." In brief, defendant insists that the stories of the policemen were made up of whole cloth while in fact the cloth covered the protuberances and the intimate, covert parts of the dancers.

The defendant proffered no testimony to contradict the officers' descriptions of the undulating, swinging movements of the dancers while peeling their accouterments. There was testimony by defendant's witnesses that the performers sat at the bar with customers and that champagne was quoted at $10 a bottle.

In People v. Washington, 27 Ill2d 104, at page 110, 187 NE2d 739, the court declared:

> But where, as here, a case is tried without a jury, it is the function of the trial court to determine the credibility of the witnesses and to evaluate conflicting evidence, and a conviction based thereon will be reversed on review only where the evidence is so unreasonable, improbable or unsatisfactory as to leave a reasonable doubt of the defendant's guilt. (People v. Harris, 8 Ill2d 431; People v. Brown, 392 Ill 519.)

The trial judge was able to evaluate the discrepancies and nuances in the testimony of the various witnesses

and in his finding of guilty pronounced that he did not believe the two bartenders or the friendly patron.

We find no reason to reverse on the ground that defendant was not proven guilty beyond a reasonable doubt.

■ Defendant claims error in the refusal to admit evidence of performances at other times. This was not relevant to the exhibition from which this offense arose. Caley v. Manicke, 29 Ill App2d 323, 330, 173 NE2d 209.

■ It also urged that no evidence was adduced to show that defendant, in violation of the statute, knowingly presented or directed an obscene play, dance or performance. One bartender testified that "All Mr. Vavrys (the defendant) does is to stand up in front by the wardrobe and watch everything." The defendant himself admitted that he observed the performance. His argument that he obtained the "acts" from an agent cannot relieve him of responsibility or vindicate him of the charge.

■ Finally defendant contends that the indictment * failed to state an offense because it did not charge that the dances had a predominant appeal to prurient interest or a shameful or morbid interest in nudity or sex. The Criminal Code of 1961 provides in section 11–20, Obscenity:

> (a) Elements of the offense.
>
> A person commits obscenity when, with knowledge of the nature or content thereof, he:
>
> o o o
>
> (2) Presents or directs an obscene play, dance or other performance or participates directly in

---

* The indictment charges that defendant committed the offense of Obscenity in that he did with knowledge of the nature thereof present obscene performances and dances at Martin's Warren Park Club, a public tavern located at 5713 West Roosevelt Road, Cicero, Illinois.

that portion thereof which makes it obscene; or
. . .

It goes on in part (b) thereof to define obscenity.

(b) Obscene Defined.
A thing is obscene if, considered as a whole, its predominant appeal is to prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion, and if it goes substantially beyond customary limits of candor in description or representation of such matters.

In People v. Love, 310 Ill 558, at page 567, 142 NE 204, the court held that "It is not necessary that an indictment contain all the language of the statute on the subject. . . ."

When a similar problem was before the Supreme Court of Oregon in State v. Jackson, 224 Ore 337, 356 P2d 495 (1960), the court in criticizing an indictment which alleged a definition of obscenity held at p 503: "It would have been enough in this case to have alleged that the book was obscene or indecent, without more. The use of additional 'clarifying' language, setting forth legal conclusions of the prosecutor, was mere surplusage . . . ."

Cases cited by defendant interpreted prior criminal laws which were in general terms and needed specifications of fact to charge an offense under them and are not applicable. Therefore we find that the indictment here properly charged the offense.

The judgment of the Criminal Court is affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.