THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JON C. BAILEY *et al.*, Defendants-Appellees.

Second District   Nos. 83—393, 83—394, 83—395, 83—396 cons.

Opinion filed June 27, 1984.

Dallas Ingemunson, State's Attorney, of Yorkville (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

J. Steven Beckett, of Reno, O'Byrne & Kepley, of Champaign, for appellees.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The defendants in these consolidated cases were charged separately by complaint or amended complaint with the offense of obscenity in violation of section 11—20(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 11—20(a)(1)). The trial court, relying upon *People v. Ridens* (1974), 59 Ill. 2d 362, *cert. denied* (1975), 421 U.S. 993, 44 L. Ed. 2d 483, 95 S. Ct. 2000, found the complaints to be insufficient because they did not include the third definitional element of the offense of obscenity, namely that the materials were "utterly without redeeming social value." The court dismissed the complaints and the State has appealed. The critical issue on this appeal is whether, in addition to setting forth the allegations of conduct of the defendants which would establish the elements of the offense of obscenity as set forth in section 11—20(a) of the Criminal Code of 1961, the charging instrument in an obscenity case must also set forth the definitional elements of the term "obscenity" or "obscene" as used in the Illinois obscenity statute.

■ We agree with the State and find the case of *People v. Vavrys* (1964), 47 Ill. App. 2d 258, to be dispositive of this issue. In *Vavrys*, the court addressed the same issue, to wit, the sufficiency of an obscenity information which alleged the commission of the offense solely in terms of the elements of the offense as set forth in the statute itself. The *Vavrys* court correctly found that it was not necessary to set forth in the charging instrument the elements of the definition of obscenity. (47 Ill. App. 2d 258, 261-62.) The addition of a statement in the charging instrument setting forth that the magazine or movie in question, taken as a whole, appeals to prurient interests in sex, that the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters, and that the material is utterly without redeeming social value would be a legal conclusion of the prosecutor and constitute mere surplusage. See 47 Ill. App. 2d 258, 262.

■ The defendants contend that the Illinois obscenity statute on its face fails to give fair guidance to putative defendants, and therefore Federal constitutional first amendment rights require the terms of the obscenity definition to be correctly set forth in the charging instrument in order to give defendants proper notice of the nature of the charged offense. However, the very case upon which the trial court relied in dismissing the complaints refutes this argument. In *People v. Ridens* (1974), 59 Ill. 2d 362, *cert. denied* (1975), 421 U.S. 993, 44 L. Ed. 2d 483, 95 S. Ct. 2000, the supreme court upheld the constitutionality of our obscenity statute against charges that it was vague and overbroad and, when measured against the due process requirement that a criminal statute give a person of ordinary intelligence fair prior notice that his contemplated conduct is forbidden, the court further deemed our obscenity statute to be sufficiently definite. (*People v. Ridens* (1974), 59 Ill. 2d 362, 369-75; see also *Ward v. Illinois* (1977), 431 U.S. 767, 52 L. Ed. 2d 738, 97 S. Ct. 2085.) Based upon the *Ridens* decision, we reason that it is the obscenity statute itself, as judicially construed, and not the charging instrument, which must advise the defendant of the meaning of obscenity and thereby forewarn him, in advance of his actions, whether or not his contemplated conduct is proscribed.

■ The defendants also contend that the trial court was correct in dismissing their complaints because the allegations inaccurately set forth the definitional elements of obscenity. While it is correct that the definitional elements as alleged in the complaints did not conform to the requirements of the Illinois obscenity statute as authoritatively construed by the *Ridens* court, the language used by the State consti-

tuted surplusage and did not make the complaints insufficient. Rather than dismissing those complaints, the remedy which the trial court should have employed was to strike all language setting forth the definitional elements of obscenity as surplusage. *Cf. People v. Dyer* (1977), 51 Ill. App. 3d 731; *People v. Young* (1973), 12 Ill. App. 3d 310, 314.

The trial court's orders dismissing the complaints or amended complaints in each of the following designated proceedings are reversed and the causes are remanded to the trial court for further proceedings.

1. People v. Jon Bailey, Appellate Court No. 83—393
   16th Judicial Circuit, Kendall County
   (a) trial court No. 82 CM 295—amended complaint

2. People v. Randy McCaslin, Appellate Court No. 83—394
   16th Judicial Circuit, Kendall County
   (a) trial court No. 83 CM 78—complaint

3. People v. John R. Findlay, Appellate Court No. 83—395
   16th Judicial Circuit, Kendall County
   (a) trial court No. 82 CM 293—amended complaint
   (b) trial court No. 82 CM 294—amended complaint
   (c) trial court No. 82 CM 308—amended complaint
   (d) trial court No. 82 CM 309—amended complaint
   (e) trial court No. 83 CM 83—complaint

4. People v. Rodney Leifheit, Appellate Court No. 83—396
   16th Judicial Circuit, Kendall County
   (a) trial court No. 83 CM 59—complaint
   (b) trial court No. 83 CM 60—complaint
   (c) trial court No. 83 CM 61—complaint

Reversed and remanded.

NASH and UNVERZAGT, JJ., concur.