THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES T. CROWELL, Defendant-Appellee.

Third District    No. 80-279

Opinion filed March 17, 1981.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal by the People of the State of Illinois (hereinafter referred to as the State) in which this court is asked to review an order of the Circuit Court of Kankakee County suppressing evidence in the prosecution of the defendant, James T. Crowell, for burglary and theft. At the

suppression hearing, the defendant testified that on the date of his arrest, April 2, 1980, he was driving a 1972 Ford van. The van was white with blue decorations. It also had windows through which a person outside the van could observe an object inside the van.

While he was parked on a side street, two Kankakee police officers approached the vehicle. One ordered the defendant, who testified he was not aware of having broken any laws, and his companion to exit the van. The van was then searched.

Prior to the search, the defendant was neither served with a search warrant nor arrested. Nor did the defendant consent to the search. Nevertheless, when the search was completed, the defendant was arrested.

Testifying for the State, Officer Mike Kinkade of the Kankakee Police Department stated that, at approximately 1:50 or 1:55 p.m., on April 2, 1980, he attended a shift meeting in which the shift commander directed the officers to attempt to locate a white, older model Ford van with blue stripes, no license plates, and a license applied for sticker in the rear window. The shift commander added that the vehicle was supposed to be occupied by at least one Negro male and that the van would contain weapons and possibly a television set.

Approximately five minutes later, Kinkade and his partner, Officer Fehland, observed the defendant's vehicle on Hobbie Avenue. They had the defendant and his companion exit the van and patted them down for weapons. After observing, through a window, a television set located in the van, the defendant and his companion were handcuffed and transported to the police station. On cross-examination, Kinkade admitted the stop and arrest were based upon the description provided at the shift meeting.

Two other officers testified for the State. Fehland stated that from outside the van, he was able to observe a television in the rear of the van.

Officer Mark Field, a Kankakee County deputy sheriff, testified that at approximately 2:30 p.m. on April 2, 1980, he went to Mortell's Factory on Hobbie Avenue in response to a report that two possible burglary suspects had been located. When he arrived, he observed the defendant and another person in the custody of Kinkade and Fehland. Then, looking in the window of the van, Field saw a portable television, a camera and three firearms. Thereafter, the van was towed to a detention center where Conservation Officer Chluspa, a burglary victim, identified several items in the rear of the van as being his property.

The trial court ruled the State had failed to establish a lawful arrest or that the defendant's vehicle matched the description given at the staff meeting. Therefore, the evidence found in the van was ordered suppressed.

■■ In this appeal, the State argues that the evidence was produced as the result of a valid search made incident to a lawful arrest. Of course, the

defendant had the primary responsibility of establishing that there had been a search and that it was illegal. (*People v. Berg* (1977), 67 Ill. 2d 65, 364 N.E.2d 880.) The State does not argue there was no search, but, instead, argues its legality based on a valid arrest. However, when the evidence demonstrates that the defendant was doing nothing unusual at the time of the arrest and that the arresting officer neither possessed a warrant for the arrest of the defendant nor observed the defendant violate any law, the burden of proving the validity of the arrest shifts to the State. (*People v. Williams* (1973), 16 Ill. App. 3d 440, 306 N.E.2d 678.) In this case, the State failed to meet its burden.

■■ Certainly, probable cause to arrest exists if the totality of facts known at the time of the arrest would justify a reasonably prudent person in believing that a crime had been committed and that the person being arrested had committed the crime. (*People v. Ruffolo* (1978), 64 Ill. App. 3d 151, 380 N.E.2d 1204.) Furthermore, an arresting officer may rely on the knowledge of officers who command him or work with him to make the arrest. (*People v. Donnenfeld* (1978), 62 Ill. App. 3d 991, 379 N.E.2d 710.) However, the State must demonstrate that the circumstances known to other, nonarresting officers, whose report or directions were relied upon by the officer in making the arrest, were sufficient to establish probable cause to arrest the defendant. *Whiteley v. Warden of Wyoming State Penitentiary* (1971), 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031.

■■ In the case at bar, the officers were directed to "attempt to locate" a van of a certain description. They were not ordered to arrest its occupants, nor was any evidence presented of facts known to superiors on the Kankakee Police Department which would establish probable cause to arrest the defendant. In addition, when Kinkade and Fehland looked into the van, each observed only the television therein, and the defendant stated the television belonged to him. It was only after the arrest that Field observed the weapons. There was no testimony to the effect that the arresting officers or their shift commander knew this television set had been stolen. The only connection between the defendant and the burglary was that the defendant was the driver of a white, Ford van with blue decorations. For the purpose of establishing probable cause to arrest, such a connection is tenuous at best where there is no evidence that this particular van had been used in the commission of a burglary.

For the foregoing reasons, the order of the Circuit Court of Kankakee County suppressing evidence in this cause is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.