No. 2--95--0208          

_______________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE              )  Appeal from the Circuit Court

OF ILLINOIS,                          )  of Lake County.

                                      )

     Plaintiff-Appellant,             )  No. 93--CF--1592

                                      )

          v.                          )

                                      )

LAURA BASCOM,                         )  Honorable

                                      )  Charles F. Scott,

     Defendant-Appellee.              )  Judge, Presiding.

______________________________________________________________________________

     JUSTICE COLWELL delivered the opinion of the court:    

     The State appeals the circuit court's order quashing the

arrest of the defendant, Laura Bascom, and suppressing evidence

obtained as a result.  The State contends that the court

erroneously found that the arresting officer lacked probable cause

for the arrest although another officer with whom he was working in

concert knew facts that provided probable cause.  We reverse and

remand.

     The record shows that Wauconda police detective Ronald Geary

responded to a 9-1-1 call from the defendant's husband, Lance

Epoch.  Geary found Epoch at his home appearing "heavily soiled,

kind of full of mud, and wet."  Epoch had an abrasion on his chin

and showed other signs of physical contact.

     Epoch told Geary that he had arrived home at about 9:30 p.m.

and the defendant arrived soon after.  An argument ensued.  In the

course of the argument, the defendant retrieved a 9-millimeter

handgun from the bedroom.  The defendant held the gun to her head

and pulled the trigger, but the gun did not fire.  She then pointed

the gun at Epoch and pulled the trigger, with the same result. 

Epoch tried to call 9-1-1, but the defendant disconnected the

phone.  The defendant struck him in the face several times during

the confrontation.

     Epoch provided Geary with a description of the defendant.  He

said she might have been headed to one of two bars in Fox Lake or

to Good Samaritan Hospital.  Geary then issued an ISPERN dispatch

to area police units.  The dispatch noted that the defendant was a

suicide risk and was wanted for domestic battery.  Sometime that

night, Geary issued a nontraffic citation against the defendant for

domestic battery.

     At 11:45 p.m. during roll call, Officer Joseph Neary of the

Fox Lake police department was advised of the ISPERN dispatch and

that the defendant was wanted for domestic battery.  A Fox Lake

police dispatcher informed Neary that the defendant might be found

at the Old Style Inn or the Aquarium Tavern in Fox Lake.  

     At the hearing, Neary testified that he received additional

information regarding the defendant some time that evening. 

Specifically, Neary stated that he learned that a firearm was

involved in the alleged domestic battery.  Neary testified,

however, that he could not remember whether he received this

information before or after he arrested the defendant.

     Neary found the defendant, who matched the description in the

dispatch, at the Old Style Inn.  Neary arrested the defendant

pursuant to Wauconda's domestic battery request.  The defendant

said that a nearby purse was hers. Neary took the defendant and her

purse to the Fox Lake police station.  An inventory of the

defendant's purse disclosed a folded paper that Neary recognized as

something commonly used to transport cocaine.  Neary felt the paper

and detected a soft material inside.  He then opened the paper.  A

laboratory test later confirmed that the powder in the folded paper

was cocaine.  Defendant denied knowledge of the cocaine.

     The defendant filed a motion to quash her arrest and suppress

the cocaine.  The court granted the motion, stating that Detective

Geary had "statutory reasonable grounds" and "constitutional

probable cause" to arrest the defendant, but that Officer Neary did

not.  The court denied the State's motion to reconsider and the

State perfected this appeal.

     The sole issue on appeal is whether the trial court correctly

found that Officer Neary lacked probable cause to arrest the

defendant.  Indeed, for purposes of this appeal, the defendant does

not dispute that Detective Geary had probable cause to arrest her. 

She also does not contest the propriety of the search of her purse. 

The defendant argues, however, that Geary's knowledge cannot be

imputed to Neary, the arresting officer.  She emphasizes that the

precise contents of the ISPERN dispatch are unclear (although

admitted into evidence, the dispatch does not appear in the record

on appeal), and that Neary made no independent observations of the

defendant which would have provided grounds to arrest her.  

     Generally, a ruling on a motion to suppress will not be

disturbed unless it is manifestly erroneous.  People v. Frazier,

248 Ill. App. 3d 6, 12 (1993).  However, suppression motions are

best characterized as raising mixed questions of fact and law, and

if all factual disputes in a case have been resolved, only a

question of law remains.  People v. Foskey, 136 Ill. 2d 66, 76

(1990).  Consequently, it is important to note the difference

between a ruling rendered by applying law to stipulated or

undisputed facts and the process of evaluating the credibility of

testimony and weighing evidence.  Frazier, 248 Ill. App. 3d at 12. 

Indeed, where both the facts and the credibility of the witnesses

are uncontroverted the question presented becomes a legal one,

subject to de novo review.  Frazier, 248 Ill. App. 3d at 12-13.  

     In this case, the defendant contends that several facts are

disputed and states that a manifestly erroneous standard of review

is required.  Specifically, the defendant argues that Neary's

testimony shows that he did not know when he learned that a firearm

was involved in the alleged battery and that it could have been

after he arrested the defendant.  Further, the defendant states

that the record is not clear that Officer Neary knew about the

alleged domestic battery when he arrested the defendant.

     At the hearing, the court found that Officer Neary lacked

probable cause to arrest the defendant.  The trial court based this 

conclusion on the premise that Neary was unaware of the specific

facts surrounding the domestic battery and that Neary did not

observe the defendant do anything suspicious before he arrested

her.  The court also noted that it believed that the record showed

that Neary knew of the domestic battery before he arrested the

defendant.  

     First, we find that the determination of whether Neary knew

about the firearm before he arrested the defendant is not relevant

to the outcome of the issue before this court because it is not

necessary for an officer to know how a crime has been committed

before making a warrantless arrest.  See 725 ILCS 5/107--2(c) (West

1992).  Second, we find nothing in the record that shows that the

trial court's believing Neary that he knew about the domestic

battery before he arrested the defendant was unreasonable. 

Accordingly, we only need determine if, as a matter of law,

Detective Geary's and Officer Neary's testimony satisfies the legal

requirements for Neary's making a warrantless arrest.  See People

v. Clark, 92 Ill. 2d 96, 99 (1982) (if a trial court's ruling on a

motion to suppress was  based on a witness' testimony that it

accepted as credible, and there is no ground upon which the trial

court's credibility determination can be rejected as "clearly

unreasonable," then a reviewing court need only determine, as a

matter of law, whether the witness' testimony satisfies the

applicable legal requirements).     

     When officers are working in concert, probable cause can be

established from all the information collectively received by the

officers even if that information is not specifically known to the

officer who makes the arrest.  People v. Fenner, 191 Ill. App. 3d

801, 806 (1989).  Certainly, arresting officers may rely upon

dispatches  to make arrests even if they are unaware of the

specific facts that established probable cause to make the arrest. 

People v. Crowell, 94 Ill. App. 3d 48, 50 (1981).  In such a case,

however, the State must demonstrate that the officer who directed

the dispatch to be issued possessed facts sufficient to establish

probable cause to make the arrest.  People v. Crane, 244 Ill. App.

3d 721, 725 (1993).

     In this case, the parties agree that Detective Geary had

probable cause for the defendant's arrest and that Geary phoned

dispatch seeking help from neighboring police departments in

apprehending her.  Accordingly, because probable cause already was

established, it is irrelevant whether Neary observed any suspicious

behavior by the defendant before arresting her.  Additionally,

Illinois law does not require Neary, as the arresting officer, to

have known the specific details surrounding the alleged domestic

battery before making the arrest.  Instead, Neary may reasonably 

rely on a dispatch to make the arrest.  See Crane, 244 Ill. App. 3d

at 724-25.

     The defendant's reliance on People v. Crane and People v.

Crowell to show that Detective Geary's knowledge cannot be imputed

to Officer Neary is misplaced.  In Crane, a detective had knowledge

of the defendant's involvement in the crime under investigation. 

However, no evidence existed that he was working in concert with

the arresting officers or had commanded them to make the arrest. 

In fact, there was no evidence that the detective had communicated

his knowledge to anyone else.  Crane, 244 Ill. App. 3d at 724-25.

     In Crowell, a dispatch instructed patrol officers to "attempt

to locate" a certain van.  No order was given to arrest the van's

occupants.  Moreover, there was no evidence that the officers who

issued the dispatch had probable cause to arrest defendant. 

Crowell, 94 Ill. App. 3d at 50.  

     Unlike the officers in Crane and Crowell, here Officer Neary 

and Detective Geary worked in concert to apprehend the defendant. 

Further, in this case it is also undisputed that the officer that

issued the dispatch, Detective Geary, had probable cause to arrest

the defendant.  Thus, this case is factually distinguishable from

Crane and Crowell. 

     For the foregoing reasons, the judgment of the circuit court

is reversed, and the cause is remanded for further proceedings.

     Reversed and remanded.

     McLAREN and DOYLE, JJ., concur.