THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LAURA BASCOM, Defendant-Appellee.

Second District   No. 2—95—0208

Opinion filed January 8, 1997.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Constance Augsburger, of Law Offices of Dennis Schumacher, P.C., of Mt. Morris, for the People.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

The State appeals the circuit court's order quashing the arrest of defendant, Laura Bascom, and suppressing evidence obtained as a result. The State contends that the court erroneously found that the arresting officer lacked probable cause for the arrest although another officer with whom he was working in concert knew facts that provided probable cause. We reverse and remand.

The record shows that Wauconda police detective Ronald Geary responded to a 9-1-1 call from the defendant's husband, Lance Epoch. Geary found Epoch at his home appearing "heavily soiled, kind of full of mud, and wet." Epoch had an abrasion on his chin and showed other signs of physical contact.

Epoch told Geary that he had arrived home at about 9:30 p.m. and the defendant arrived soon after. An argument ensued. In the course of the argument, the defendant retrieved a 9-millimeter handgun from the bedroom. The defendant held the gun to her head and pulled the trigger, but the gun did not fire. She then pointed the gun at Epoch and pulled the trigger, with the same result. Epoch tried to call 9-1-1, but the defendant disconnected the phone. The defendant struck him in the face several times during the confrontation.

Epoch provided Geary with a description of defendant. He said she might have been headed to one of two bars in Fox Lake or to Good Samaritan Hospital. Geary then issued an ISPERN dispatch to area police units. The dispatch noted that the defendant was a suicide risk and was wanted for domestic battery. Sometime that night, Geary issued a nontraffic citation against the defendant for domestic battery.

At 11:45 p.m. during roll call, Officer Joseph Neary of the Fox Lake police department was advised of the ISPERN dispatch and

that the defendant was wanted for domestic battery. A Fox Lake police dispatcher informed Neary that the defendant might be found at the Old Style Inn or the Aquarium Tavern in Fox Lake.

At the hearing, Neary testified that he received additional information regarding the defendant some time that evening. Specifically, Neary stated that he learned that a firearm was involved in the alleged domestic battery. Neary testified, however, that he could not remember whether he received this information before or after he arrested the defendant.

Neary found the defendant, who matched the description in the dispatch, at the Old Style Inn. Neary arrested the defendant pursuant to Wauconda's domestic battery request. The defendant said that a nearby purse was hers. Neary took the defendant and her purse to the Fox Lake police station. An inventory of the defendant's purse disclosed a folded paper which Neary recognized as something commonly used to transport cocaine. Neary felt the paper and detected a soft material inside. He then opened the paper. A laboratory test later confirmed that the powder in the folded paper was cocaine. Defendant denied knowledge of the cocaine.

The defendant filed a motion to quash her arrest and suppress the cocaine. The court granted the motion, stating that Detective Geary had "statutory reasonable grounds" and "constitutional probable cause" to arrest the defendant, but that Officer Neary did not. The court denied the State's motion to reconsider and the State perfected this appeal.

The sole issue on appeal is whether the trial court correctly found that Officer Neary lacked probable cause to arrest the defendant. Indeed, for purposes of this appeal, the defendant does not dispute that Detective Geary had probable cause to arrest her. She also does not contest the propriety of the search of her purse. The defendant argues, however, that Geary's knowledge cannot be imputed to Neary, the arresting officer. She emphasizes that the precise contents of the ISPERN dispatch are unclear (although admitted into evidence, the dispatch does not appear in the record on appeal), and that Neary made no independent observations of the defendant which would have provided grounds to arrest her.

■ Generally, a ruling on a motion to suppress will not be disturbed unless it is manifestly erroneous. *People v. Frazier*, 248 Ill. App. 3d 6, 12 (1993). However, suppression motions are best characterized as raising mixed questions of fact and law, and if all factual disputes in a case have been resolved, only a question of law remains. *People v. Foskey*, 136 Ill. 2d 66, 76 (1990). Consequently, it is important to note the difference between a ruling rendered by apply-

ing law to stipulated or undisputed facts and the process of evaluating the credibility of testimony and weighing evidence. *Frazier*, 248 Ill. App. 3d at 12. Indeed, where both the facts and the credibility of the witnesses are uncontroverted, the question presented becomes a legal one, subject to *de novo* review. *Frazier*, 248 Ill. App. 3d at 12-13.

In this case, the defendant contends that several facts are disputed and states that a manifestly erroneous standard of review is required. Specifically, the defendant argues that Neary's testimony shows that he did not know when he learned that a firearm was involved in the alleged battery and that it could have been after he arrested the defendant. Further, the defendant states that the record is not clear that Officer Neary knew about the alleged domestic battery when he arrested the defendant.

At the hearing, the court found that Officer Neary lacked probable cause to arrest the defendant. The trial court based this conclusion on the premise that Neary was unaware of the specific facts surrounding the domestic battery and that Neary did not observe the defendant do anything suspicious before he arrested her. The court also noted that it believed that the record showed that Neary knew of the domestic battery before he arrested the defendant.

■ First, we find that the determination of whether Neary knew about the firearm before he arrested the defendant is not relevant to the outcome of the issue before this court, because it is not necessary for an officer to know *how* a crime has been committed before making a warrantless arrest. See 725 ILCS 5/107—2(c) (West 1992). Second, we find nothing in the record that shows that the trial court's believing Neary that he knew about the domestic battery before he arrested the defendant was unreasonable. Accordingly, we only need determine if, as a matter of law, Detective Geary's and Officer Neary's testimony satisfies the legal requirements for Neary's making a warrantless arrest. See *People v. Clark*, 92 Ill. 2d 96, 99 (1982) (if a trial court's ruling on a motion to suppress was based on a witness' testimony that it accepted as credible, and there is no ground upon which the trial court's credibility determination can be rejected as "clearly unreasonable," then a reviewing court need only determine, as a matter of law, whether the witness' testimony satisfies the applicable legal requirements).

■ When officers are working in concert, probable cause can be established from all the information collectively received by the officers even if that information is not specifically known to the officer who makes the arrest. *People v. Fenner*, 191 Ill. App. 3d 801, 806 (1989). Certainly, arresting officers may rely upon dispatches to make arrests even if they are unaware of the specific facts that established

probable cause to make the arrest. *People v. Crowell*, 94 Ill. App. 3d 48, 50 (1981). In such a case, however, the State must demonstrate that the officer who directed the dispatch to be issued possessed facts sufficient to establish probable cause to make the arrest. *People v. Crane*, 244 Ill. App. 3d 721, 725 (1993).

■ In this case, the parties agree that Detective Geary had probable cause for the defendant's arrest and that Geary phoned dispatch seeking help from neighboring police departments in apprehending her. Accordingly, because probable cause already was established, it is irrelevant whether Neary observed any suspicious behavior by the defendant before arresting her. Additionally, Illinois law does not require Neary, as the arresting officer, to have known the specific details surrounding the alleged domestic battery before making the arrest. Instead, Neary may reasonably rely on a dispatch to make the arrest. See *Crane*, 244 Ill. App. 3d at 724-25.

The defendant's reliance on *People v. Crane* and *People v. Crowell* to show that Detective Geary's knowledge cannot be imputed to Officer Neary is misplaced. In *Crane*, a detective had knowledge of the defendant's involvement in the crime under investigation. However, no evidence existed that he was working in concert with the arresting officers or had commanded them to make the arrest. In fact, there was no evidence that the detective had communicated his knowledge to anyone else. *Crane*, 244 Ill. App. 3d at 724-25.

In *Crowell*, a dispatch instructed patrol officers to "attempt to locate" a certain van. No order was given to arrest the van's occupants. Moreover, there was no evidence that the officers who issued the dispatch had probable cause to arrest defendant. *Crowell*, 94 Ill. App. 3d at 50.

Unlike the officers in *Crane* and *Crowell*, here Officer Neary and Detective Geary worked in concert to apprehend the defendant. Further, in this case it is also undisputed that the officer that issued the dispatch, Detective Geary, had probable cause to arrest the defendant. Thus, this case is factually distinguishable from *Crane* and *Crowell*.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN and DOYLE, JJ., concur.