2022 IL App (3d) 200234

Opinion filed February 23, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) | |
| v. | ) ) | Appeal No. 3-20-0234 Circuit No. 17-CF-977 |
| | ) | |
| THOMAS MOSE HARRIS, | ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Daugherity and Lytton concurred in the judgment and opinion.

**OPINION**

¶ 1        The defendant, Thomas Mose Harris, appealed his conviction for unlawful use of a weapon by a felon.

¶ 2                                            I. BACKGROUND

¶ 3        The defendant was indicted on January 2, 2018, on charges of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2018)) and battery (*id.* § 12-3(a)(1)). Defense counsel filed a motion to quash the defendant's arrest and suppress all evidence arising from that arrest, alleging that there was no probable cause to stop and detain the defendant.

¶ 4    At the suppression hearing, evidence was presented that a female victim was reportedly put in a headlock and hit by a heavyset black male behind a liquor store on December 7, 2017. Officers from the City of Peoria Police Department responded to the liquor store, which had a video camera that recorded the incident. The police viewed the video recording, obtaining a description of the perpetrator and his vehicle. The temporary tag number on the vehicle appeared to be 585T515. Joseph Smiles, a City of Peoria police officer, testified that he was on his way to work a few days later, on December 13, 2017, when he observed a silver Chevy Tahoe that matched the description of the vehicle at the liquor store, but with a temporary registration of 575T815. Smiles observed the driver to be a heavy-set black male with a short beard, who appeared to be the same male as in the liquor store video. Smiles did not stop the vehicle at that time, but proceeded to work, where he identified the owner of the vehicle as the defendant, viewed a prior booking photograph of the defendant, and reviewed the surveillance video from the liquor store. Smiles determined that the defendant was the male individual in the liquor store video. Smiles contacted Peoria police officer Jonathan Irving, who was on patrol with a new recruit, Officer Kerry, in the area of one of the two addresses on record for the defendant. Smiles advised Irving and Kerry that the defendant was a suspect in a battery and that there was probable cause to arrest the defendant for the battery. Smiles directed Irving and Kerry to go to one of the addresses to look for the defendant and the Tahoe, and Smiles proceeded to the other address.

¶ 5    Irving testified that he was contacted via car-to-car messenger, also known as an investigative alert, by Smiles with an arrest message regarding the defendant. In the alert, Smiles provided Irving with the description of the vehicle, the license plate (575T815), and the address, and Smiles requested that Irving patrol by that location. Irving did not know the defendant and did not observe the defendant engaging in any obvious criminal behavior. Irving did locate the vehicle, with the defendant inside, and Irving and Kerry approached the vehicle. The officers confirmed

2

that the defendant was the person identified by Smiles and proceeded to arrest the defendant pursuant to Smiles's arrest message. The defendant was taken into custody, and a loaded gun was found on his person during a pat-down search.

¶ 6       After being indicted, the defendant brought a motion to quash the arrest and suppress all evidence arising from the arrest. The trial court denied the motion to suppress, concluding that Irving and Kerry had probable cause to arrest the defendant based upon the information in the investigative alert provided to them by Smiles. Defense counsel then filed a supplemental motion to suppress, arguing that arresting the defendant based on an investigative alert was contrary to the Illinois Constitution and *People v. Bass*, 2019 IL App (1st) 160640, *aff'd in part, vacated in part*, 2021 IL 125434. The trial court denied the supplemental motion, declining to follow *Bass.* The trial court found that *Bass* was distinguishable because, contrary to the couple of weeks delay between the investigative alert and the arrest in *Bass*, this case indicated a "fast[-]acting field response."

¶ 7       The defendant waived his right to a trial by jury, and the matter proceeded to a stipulated bench trial on the charge of unlawful possession of a weapon by a felon. The State dismissed the battery charge. The trial court found that the stipulated evidence was sufficient to prove the defendant guilty beyond a reasonable doubt of unlawful possession of a weapon by a felon. The defendant's posttrial motion was denied, and he was sentenced to 3½ years in prison. The defendant appealed.

¶ 8                                                    II. ANALYSIS

¶ 9       The defendant argues that the trial court erred in denying his motion to quash and suppress. The defendant contends that there was no reasonable grounds, exigent circumstances, or good faith to support the arrest and the search of the defendant absent an arrest warrant. Also, the defendant

argues that the Peoria Police Department's use of an investigative alert violates separation of powers. The State contends that the trial court properly denied the motion to suppress and that the use of investigative alerts is proper.

¶ 10        The state and federal constitutions both protect individuals from unreasonable searches and seizures. U.S. Const., amend. IV; Ill. Const. 1970, art. I, § 6. "An arrest without probable cause or a warrant based thereon violates these constitutional provisions." *People v. Lee*, 214 Ill. 2d 476, 484 (2005). The police may make an arrest without a warrant when the officer "has reasonable grounds to believe that the person is committing or has committed an offense." 725 ILCS 5/107-2(1)(c) (West 2018); *People v. Hardimon*, 2021 IL App (3d) 180578, ¶ 39. In the context of a warrantless arrest, " 'reasonable grounds' " has the same meaning as " 'probable cause.' " *People v. Jackson*, 2014 IL App (3d) 120239, ¶ 85 (quoting *Lee*, 214 Ill. 2d at 484).

¶ 11        The determination of whether police had probable cause to arrest is based on the officer's reasonable belief at the time of the arrest. *Lee*, 214 Ill. 2d at 484. The inquiry is, viewed through an objective lens, whether the facts known to the police presented a probability of criminal activity. *Id.* at 485. "Whether there is probable cause to believe that a defendant has committed a crime is based on an evaluation of all of the information available, including its source." *Id.* In reviewing a motion to suppress, we uphold factual findings unless they are against the manifest weight of the evidence. However, the ultimate question of whether the evidence should be suppressed is reviewed *de novo*. *People v. Pitman*, 211 Ill. 2d 502, 512 (2004).

¶ 12        In this case, Smiles spoke to the victim, viewed the video of the attack, obtained a description of the perpetrator, and obtained a description of the perpetrator's vehicle. The vehicle had a temporary plate, but Smiles could not identify the perpetrator with that plate number. However, six days after the attack, Smiles was driving to work and observed a vehicle matching

the description, driven by a male individual who matched the description of the man that Smiles had seen in the surveillance video, and with a license plate that differed from the temporary plate by two digits. Smiles did not make an arrest at that point but continued to the police station, ran the license plate, pulled the vehicle owner's booking photograph, and rewatched the surveillance video. There were two addresses for the defendant; Smiles proceeded to one and contacted Irving with the other address. Smiles described the defendant and the battery investigation and informed Irving via the investigative alert that there was probable cause to arrest the defendant. The investigative alert that was relayed to the arresting officers provided reasonable grounds to make a warrantless arrest. See *People v. Simmons*, 2020 IL App (1st) 170650, ¶ 61 (arrest based on investigative alert was upheld where the State presented evidence that officer who issued the alert had probable cause to make the arrest); *People v. Bass*, 2021 IL 125434, ¶ 31 (vacating the portion of the appellate court opinion that held arrests based on investigative alerts to be unconstitutional). Thus, we find that the trial court did not err in denying the defendant's motion to quash his arrest and suppress evidence.

¶ 13        The defendant also contends that the investigative alert process violates the doctrine of separation of powers because it is an administrative procedure promulgated by the executive branch (*i.e.*, a law enforcement agency) and conflicts with the authority of the courts. However, the mere use of alerts to disseminate information among officers does not eliminate judicial evaluations of probable cause. " 'When officers are working in concert, probable cause can be established from all the information collectively received by the officers even if that information is not specifically known to the officer who makes the arrest.' " *People v. Buss*, 187 Ill. 2d 144, 204 (1999) (quoting *People v. Bascom*, 286 Ill. App. 3d 124, 127 (1997)).

¶ 14                                 III. CONCLUSION

¶ 15          The judgment of the circuit court of Peoria County is affirmed.

¶ 16          Affirmed.

| | |
|---|---|
| | **No. 3-20-0234** |

| | |
|---|---|
| **Cite as:** | *People v. Harris*, 2022 IL App (3d) 200234 |
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 17-CF-977; the Hon. Paul P. Gilfillan, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Karalis, and Drew Charles Parsons, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Jodi Hoos, State's Attorney, of Peoria (Patrick Delfino and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |